NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TOMMIE H. TELFAIR, | : | |
| | : | Civil Action No. 08-731(WJM) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| KAREN P. TANDY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

>    TOMMIE H. TELFAIR, Plaintiff pro se
>    # 201399 A5 East
>    35 Hackensack Avenue
>    S. Kearny, New Jersey 07032

**MARTINI**, District Judge

    Plaintiff Tommie H. Telfair ("Telfair"), a federal prisoner currently confined at the Hudson County Correctional Center in South Kearny, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown named Agents of Fed. Bureau of Narcotics,403 U.S. 388 (1971), alleging violations of his constitutional rights.  Plaintiff initially submitted his Complaint without a complete application to proceed in forma pauperis ("IFP").  On February 26, 2008, this Court issued an Order denying Telfair's IFP application without prejudice, and administratively terminating the action.  The Order also gave plaintiff thirty (30) days to submit a complete

IFP application with his prison account statement and affidavit of indigency if he wished to re-open his case.

On March 17, 2008, Telfair submitted an IFP application with an amended Complaint.  Telfair also paid the full filing fee on April 18, 2008.  On May 12, 2008, Telfair sent a letter request to the Court asking that his action be re-opened.[1]

It appearing that plaintiff has paid the filing fee in full and that he also qualifies to proceed in forma pauperis, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to re-open this matter, and file the Complaint.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should proceed in part.

I.  BACKGROUND

Plaintiff, Tommie H. Telfair ("Telfair"), brings a civil rights complaint against the following defendants: Karen P. Tandy, Administrator of the Drug Enforcement Administration ("DEA"); Gerard P. McAleer, Director/Senior Officer - DEA in

---

[1]  Telfair sent a second request to re-open on July 14, 2008, and he submitted an application for relief on July 17, 2008.

2

Newark; 1-50 unknown DEA agents; 1-50 unknown federal agents; Ray McCarthy, Chief of Police, Newark; Murad Muhammed, Newark Police, Robbery/Homicide; 1-50 unknown police officers; Paul W. Berrin, Esq.; and Christopher Christie, United States Attorney for the District of New Jersey.  (Complaint, Caption).  The following factual allegations are taken from the Complaint, the amended Complaint, and plaintiff's application for relief (Docket Entry Nos. 1, 4, 12 and 13, respectively), and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Telfair alleges that he was sub-renting property in Newark. On or about September 7, 2006, he received a frantic telephone call from tenants saying there were shots fired.  The tenants asked if plaintiff was around, but Telfair was not.  The tenants called plaintiff again to tell him that detectives from the Newark Police Robbery and Homicide division were there at the property and needed to ask questions about what they had witnessed concerning the shooting.  Telfair learned from the tenants that they had given statements and that the police had concluded their investigation.  Telfair alleges, however, that the situation erupted into an investigation into criminal activities by the tenants.

Specifically, Telfair alleges that on January 23, 2007, he was taken into custody by DEA agents, who used terroristic

threats to force plaintiff to admit to drug trafficking crimes or cooperate with the agents in their investigation.  One of these threats included charging plaintiff's wife with harboring a fugitive.[2]  Telfair further alleges that he had repeatedly requested an attorney during his custodial interrogation, but his request was denied.  It appears that plaintiff was arrested and charged with intent to distribute a controlled dangerous substance and possession with the intent to distribute heroin.[3]

Telfair also alleges that, on or about November 25, 2007, the United States Attorney threatened plaintiff, stating that if plaintiff fights the charges against him, the U.S. Attorney's Office would bring more serious criminal charges against Telfair's wife.  Telfair alleges that he was pressured to take the Government's plea offer, and not to make any motions with respect to the criminal charges against him.

Plaintiff next alleges that, on December 17 and 19, 2007, the U.S. Attorney called his wife's lawyer threatening to bring a drug conspiracy charge against her.  Telfair also makes a general allegation of "illegal prosecutorial misconduct" without asserting any facts to support the general claim.  However,

---

[2] Telfair states that his wife was a corrections officer and was planning a career in law enforcement.

[3] Telfair's criminal proceedings are currently pending in this District Court before the Honorable Dennis M. Cavanaugh, U.S.D.J., U.S.A. v. Telfair, # 2:07-cr-272 (DMC).

Telfair states that the misconduct by the Government defendants in this regard has caused his wife and other family members to abandon support for plaintiff out of fear of government retaliation.[4]

Telfair brings this action for declaratory judgment and money damages, pursuant to 42 U.S.C. § 1983.  He also claims jurisdiction under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); 5 U.S.C. § 702 (which provides for injunctive and declaratory relief against federal officials); Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d, et seq.), and in particular, 42 U.S.C. § 3789d(C)(prohibition of federal control over state and local criminal justice agencies; prohibition of discrimination) and 42 U.S.C. § 14141 (covering unlawful conduct by state and local law enforcement which deprives persons of their federal statutory and constitutional rights); and the Disabilities Act of 1990 and § 504 of the Rehabilitation Act of 1973 (42 U.S.C. § 12131, et seq., and 29 U.S.C. § 794, respectively).[5]  Telfair asks the court to "launch a [sic] independent investigation into the allegation by way of the

---

[4]  Telfair states that his wife lost her career in law enforcement and custody of her son due to the multiple arrests in this situation.

[5]  Telfair does not allege any factual or legal basis to support claims under 42 U.S.C. § 2000d, et seq., 42 U.S.C. § 3789d(C), 42 U.S.C. § 14141, and the Disabilities Act of 1990 and § 504 of the Rehabilitation Act of 1973.  Accordingly, these claims will be dismissed for failure to state a claim.

United States Attorney General's Office and/or Federal Government Internal Affairs type organization in the furtherance of Justice to not allow this miscarriage of Justice to continue," pursuant to 18 U.S.C. §§ 241 and 242.

Telfair claims that the defendants violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.  Namely, he asserts claims of false arrest, unlawful search and seizure, falsifying documents and evidence, intimidation, criminal threats, coercion, denial of his Miranda rights, denial of medical treatment, theft or conversion of personal property, denial of due process and equal protection, selective and malicious prosecution, and denial of his right to a speedy trial.[6]

Telfair seeks compensatory and punitive damages in excess of $ 4.2 million.

---

[6] Telfair also alleges violations of state law, namely, N.J.S.A. 52:30-1 through 4, as well as violations of the Eighth and Tenth Amendments.  The state law claims are not cognizable in a federal civil rights action and will be dismissed accordingly.  Furthermore, because plaintiff is not yet convicted, any unarticulated Eighth Amendment violation is not applicable here and should be dismissed accordingly.  Similarly, the Tenth Amendment is applicable only to the States, and not an individual plaintiff such as Telfair, and thus, his claim will be dismissed for failure to state a claim upon which relief may be granted.  Telfair further accuses the Government attorney of violating procedures under the United States Attorney's Manual and/or the Judges Bench Book.  Telfair does not articulate any facts in support of these general and bald accusations.  Therefore, this claim likewise will be dismissed for failure to state a claim.

## II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in</u> <u>forma</u> <u>pauperis</u> or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to <u>sua</u> <u>sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319,

7

325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  See also Erickson, 127 S.Ct. at 2200 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, ___ (2007) (slip op., at 7-8) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative

8

amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 AND BIVENS ACTIONS

Telfair is proceeding under 42 U.S.C. § 1983 and Bivens, alleging violations of his civil rights guaranteed under the United States Constitution.  His claims are against both state and federal actors.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  Here, the state defendants are Ray McCarthy, Chief of the

9

Newark Police; Murad Muhammed, Newark Robbery/Homicide police officer; and 1-50 unknown police officers.

Telfair also brings this action under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), because he is seeking redress against federal officials, namely, Karen P. Tandy, DEA Administrator; Gerard P. McAleer, Newark DEA Director; 1-50 unknown DEA agents; 1-50 unknown federal agents; and Christopher Christie, U.S. Attorney for the District of New Jersey. In <u>Bivens</u>, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[7] The Supreme Court has also implied <u>Bivens</u> damages remedies directly under the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980), and the Fifth Amendment, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1979).

In order to state a claim under <u>Bivens</u>, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right

---

[7]A <u>Bivens</u> actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. <u>Egervary v. Young</u>, 366 F.3d 238, 246 (3d Cir. 2004), <u>cert</u>. <u>denied</u>, 543 U.S. 1049 (2005). Both are designed to provide redress for constitutional violations. Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into <u>Bivens</u> suits. <u>Chin v. Bowen</u>, 833 F.2d 21, 24 (2d Cir. 1987)).

was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

The United States has sovereign immunity except where it consents to be sued.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  In the absence of such a waiver of immunity, plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).  Therefore, plaintiff's claims against these federal officials action in their official capacities must be dismissed.

However, a Bivens-type action seeking damages from the individual defendants is an action against them in their individual capacities only.  See, e.g., Armstrong v. Sears, 33 F.3d 182, 185 (2d Cir. 1994); Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir. 1989).  Here, Telfair also asserts that he is seeking money damages from these federal officials who were acting in their individual capacities.  Accordingly, the Court will review the Complaint to determine whether it states any

cognizable claims sufficient to withstand summary dismissal at this time pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

IV.   <u>ANALYSIS</u>

A.   <u>False Arrest Claim</u>

Telfair asserts a claim of false arrest against the defendants.  A Section 1983 (or <u>Bivens</u>) claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures.  <u>Albright v. Oliver</u>, 510 U.S. 266, 274 (1994).  "An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983.  In addition, 'where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.'" <u>O'Conner v. City of Philadelphia</u>, 233 Fed. Appx. 161, 164 (3d Cir. 2007)(citations omitted).  <u>See also Dowling v. City of Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988)(a false arrest is an arrest made without probable cause); <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 636 (3d Cir. 1995)(where the police officer lacks probable cause to make an arrest, the arrestee has a Fourth Amendment claim for false imprisonment based on a detention pursuant to that arrest).  Indeed, the United States Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." <u>Wallace v. Kato</u>, 127 S.Ct. 1091, 1095 (2007).

To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  <u>Dowling</u>, 855 F.2d at 141.  Thus, a defense to an unlawful arrest and false imprisonment claim is that the police officer defendants acted with probable cause.  <u>Sharrar v. Felsing</u>, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); <u>Groman</u>, 47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed."  <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975).  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt."  <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense."  <u>Gerstein v. Pugh</u>, 420 U.S. 103, 111 (1975) (<i>quoting</i> <u>Beck v. State of Ohio</u>,

379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).[8]

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).  In this instance, Telfair's arrest occurred in November 2007; therefore, his § 1983/Bivens claim for false arrest accrued at that time, making this action timely.  See also Wallace v. Kato, 127 S.Ct. 1091 (2007).  Thus, an arrestee, like Telfair here, can file suit as soon as the allegedly wrongful arrest occurs.  The limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is bound over by a magistrate or arraigned on criminal charges. Wallace, 127 S.Ct. At 1095-96.

Here, Telfair appears to allege that the DEA agents and other police officers had no reasonable suspicion or probable cause to arrest him.  Therefore, these allegations, if true, as this Court must assume at this early screening stage, would be sufficient to permit a false arrest claim to proceed at this time.

---

[8]  A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.  Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D.Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000).  It is not apparent that an indictment was obtained against Telfair with respect to this claim.

14

Nevertheless, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), this Court must determine whether this §1983 and Bivens claim of false arrest, "*if successful*, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," and if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim would be barred until the conviction is overturned.  Gibson v. Superintendent of N.J. Dep't of Law & Public Safety, 411 F.3d 427, 451-52 (3d Cir. 2005)(citations and quotes omitted), cert. denied, 547 U.S. 1035 (2006).  When an indicted plaintiff, such as Telfair here, brings a § 1983/Bivens claim "before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  Wallace, 127 S.Ct. at 1098.

Therefore, because plaintiff's criminal proceedings are ongoing, this claim alleging false arrest will be stayed.

B.  Unlawful Search and Seizure Claim

Telfair also alleges that the DEA agents and other police officers conducted an unlawful search and seizure on January 23, 2007.  This allegation may be construed as an illegal search claim in violation of the Fourth Amendment.  The Fourth Amendment protects individuals from unreasonable searches and seizure of

their "persons, houses, papers, and effects... ."  U.S. Const. amend. IV.  The individual must show he had a reasonable expectation of privacy, and an expectation society would recognize as reasonable.  Minnesota v. Carter, 525 U.S. 83, 88 (1988).

Here, Telfair alleges that the Newark police officers and the DEA agents did not obtain a search warrant based upon probable cause before they entered plaintiff's premises without a warrant and probable cause.  Telfair alleges that no circumstances existed to show an exception to the warrant requirement.  Namely, there were no exigent circumstances compelling entry onto the property, as the shooting incident plaintiff referenced had occurred at an earlier time.  He also alleges that he did not give his consent to a search of his premises or his wife's car, and he does not indicate that anything was in plain view to allow a search.  If these allegations are true, then Telfair may be able to show facts sufficient to suggest that there was no reasonable suspicion, probable cause, or any exigent circumstances to warrant a search of plaintiff's premises and car.

The problem with allowing plaintiff's illegal search and seizure claim to proceed at this time involves the issue of prematurity.  In Heck v. Humphrey, the Supreme Court held that a § 1983 claim that would imply that an arrest or conviction was invalid was not cognizable until the charges underlying the

16

arrest or conviction were resolved in the plaintiff's favor.  512 U.S. 477, 487 (1994).  The United States Court of Appeals for the Third Circuit later held that "[i]n terms of the conflicts which Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.  Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."  Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996).

Some years later, in Gibson v. Superintendent of New Jersey Department of Law and Public Safety, 411 F.3d 427 (3d Cir. 2005), the Third Circuit noted that "in some cases Fourth Amendment claims for false arrest begin to accrue at the time of arrest, not when the conviction is overturned."  411 F.3d at 450.  This occurs when the false arrest claim will not necessarily undermine the criminal conviction or sentence.  Id.  The Third Circuit further noted that "Heck does not set forth a categorical rule that all Fourth Amendment claims accrue at the time of the violation."  Id.  Rather, the Third Circuit determined that each case must be subjected to a fact-based analysis.  In Gibson, the court held that plaintiff's Fourth Amendment claims, involving issues of an unlawful search and seizure, were not cognizable and

did not accrue until Gibson's conviction was invalidated in April 2002.  <u>Id</u>. at 452.

Recently, however, in <u>Wallace v. Kato</u>, __ U.S. __, 127 S.Ct. 1091 (2007), the Supreme Court held that certain Fourth Amendment claims accrue at the time of the constitutional violation, regardless of the procedural burden <u>Heck</u> places on the resolution of such claims.  The Supreme Court characterized <u>Heck</u> as delaying "what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn."  <u>Id</u>., 127 S.Ct. at 1098.  With respect to false arrest cases, the Supreme Court held that in order to defer accrual of the claim, it would need to extend the <u>Heck</u> principle to state "that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside."  <u>Id</u>. (emphasis in original). Finding such a principle to be impracticable, the Court held that it was "not disposed to embrace this bizarre extension of <u>Heck</u>." <u>Id</u>.

Based on the Supreme Court's language in <u>Wallace</u>, it would appear that <u>Wallace</u> effectively supersedes the Third Circuit's reasoning in <u>Gibson</u>, <u>supra</u>, and that <u>Heck</u> is inapplicable here, <u>see</u> <u>Gibson v. Superintendent of New Jersey Department of Law and Public Safety</u>, 2007 WL 1038920 (D.N.J. Mar. 29, 2007)(RBK), and that <u>Smith v. Holtz</u> likewise is abrogated by <u>Wallace</u>.  <u>See</u> <u>Snyder v. Decker</u>, 2007 WL 2616993 (W.D. Pa. Sept. 6, 2007).

Thus, under Wallace, any Fourth Amendment claim must be brought and, in all likelihood, stayed pending resolution of the underlying charges.  Wallace, 127 S.Ct. at 1098-99.  In the event of a conviction on the underlying charges, the stay may extend for years while post-conviction relief is sought.  Id. at 1099. This is not an ideal situation because of the potential to clog the court's docket with unresolvable cases.  However, in this case, there does not appear to be any clear basis to dismiss the illegal search and seizure claim on the merits.  Therefore, this Court is constrained at this time to also allow this claim to proceed, but stay the action until plaintiff's criminal proceedings are concluded.

C. Claims Against Attorney Bergrin

Next, Telfair asserts a claim of ineffective assistance of counsel against his former defense attorney, who had been representing him in his pending federal criminal trial.  However, Telfair does not allege any facts to support his claim of ineffective assistance of counsel.[9]  Moreover, defendant Bergrin is not subject to liability under § 1983 because he is not a state actor.

It is not apparent from the Complaint whether Bergrin is a public defender or a privately retained attorney.  Certainly, privately retained lawyer is not a state actor subject to

---

[9]  At most, it appears that he may be alleging that counsel acquiesced with the prosecution by advising plaintiff to cooperate and take a plea bargain.

liability under § 1983. <u>Steward v. Meeker</u>, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client). Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk Co. v. Dodson</u>, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); <u>Thomas v. Howard</u>, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

However, even if Telfair had pleaded facts establishing that his former attorney was acting under color of state law, any claim concerning a violation of plaintiff's right to effective assistance of counsel must first be raised in Telfair's ongoing federal criminal case; or to the extent that Telfair's criminal trial is no longer pending, and he has been convicted and sentenced on the federal charges, any claim of ineffective assistance of counsel in this regard must first be raised by direct appeal or other available collateral review, namely a motion to vacate under 28 U.S.C. § 2255, before he can bring a claim for damages in a civil law suit. <u>See</u> <u>Heck v. Humphrey</u>. Here, Telfair's federal criminal proceeding is ongoing and he has not been convicted or sentenced yet.

Therefore, this Court finds from the Complaint that defendant Bergrin was not acting under color of state or federal law when representing Telfair, and because any claim of ineffective assistance of counsel must be asserted after plaintiff has been convicted and exhausted his state court remedies, this claim asserting liability under § 1983 will be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

D.   Prosecutorial Claims

Upon review of the Complaint, Telfair appears to assert claims of prosecutorial misconduct against the defendants, alleging that they falsified evidence, used threats of intimidation, coercion, and malicious prosecution.  Most of these accusations involve allegations that defendants threatened criminal action against Telfair's wife if he refused to cooperate with them.  Telfair admits that his federal criminal trial is ongoing.

Given the posture of Telfair's criminal proceedings, which are pending, this Court finds that plaintiff's claims of prosecutorial misconduct and malicious prosecution must be dismissed without prejudice at this time.

First, as to defendant, Christopher Christie, the United States Attorney for the District of New Jersey, courts have consistently held that prosecuting attorneys who act within the scope of their duties in initiating and pursuing a criminal

21

prosecution are not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  See also Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992); Schrob v. Catterson, 948 F.2d 1402, 1417 (3d Cir. 1991); Rose v. Bartle, 871 F.2d 331, 345 and n.12 (3d Cir. 1989).  For instance, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  Burns v. Reed, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the [government], are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

    Prosecutors also are absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, Schrob, 948 F.2d at 1411; Rose v. Bartle, supra; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, Kulwicki, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, Burns, 500 U.S. at 490; Kulwicki, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, Imbler, 424 U.S. at 424-27; Schrob, 948 F.2d at 1417; Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where he acts without a good faith belief that a wrongdoing has occurred." Kulwicki, 969 F.2d at 1463-64; Rose, 871 F.2d at 343.  In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges. Kulwicki, 969 F.2d at 1464.

Here, Telfair essentially alleges that the prosecuting attorney in this instance, Christopher Christie, the United States Attorney, wrongfully pursued criminal charges against him and is using allegedly false evidence to prosecute plaintiff. However, Telfair fails to demonstrate that defendant was acting outside his official prosecutorial role.  Thus, this defendant is protected by immunity from a damages lawsuit for conduct during pre-trial and trial proceedings, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

Moreover, any claim that Telfair raises with respect to alleged prosecutorial misconduct may be construed as an attempt to challenge the federal criminal charges against him in an effort to have the charges dismissed.  These claims should properly be raised in Telfair's ongoing criminal proceedings. These proceedings are pending before this Court in U.S.A. v. Tagliamonte, 07-cr-272 (DMC).[10]

---

[10]  To the extent that plaintiff's trial is concluded and a judgment of conviction has been obtained against him, any such claim of prosecutorial misconduct as alleged here must first be

In addition, Telfair alleges claims of malicious prosecution against the United States Attorney, as well as the many named and unknown federal agents and Newark police officials.  The allegations appear to involve the same complaints that these defendants falsified evidence, and used intimidation, threats and coercion.  A claim of malicious prosecution in violation of the Fourth Amendment may be actionable under § 1983 (or the federal counterpart, Bivens), if plaintiff can establish that (1) the criminal action was instituted by the defendant(s) against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, (4) the criminal proceeding was terminated favorably to the plaintiff, and (5) the plaintiff suffered deprivations of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007).  See also Albright v. Oliver, 510 U.S. 266 (1994).

Here, any such claim of malicious prosecution is premature and must be dismissed without prejudice because Telfair can not establish the requisite element of such a claim, namely, that the criminal proceedings at issue were terminated favorably to him.

---

exhausted via state court remedies, i.e., by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claim of prosecutorial misconduct.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  Therefore, the prosecutorial claims must be dismissed without prejudice, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

E.   Denial of Miranda Rights

Next, Telfair appears to contend that his Miranda rights were violated in violation of the Fifth Amendment.  He does not elaborate as to how these rights were violated.

        The Fifth Amendment protects against compelled self incrimination.   Chavez v. Martinez, 538 U.S. 760, 766 (2003)(plurality).  However, a plaintiff may not base a § 1983 (or Bivens) claim on the mere fact that he was questioned by the police while in custody without having been provided Miranda warnings where there is no claim that the statements obtained were used against the plaintiff.  Chavez, 538 U.S. at 766-70; Renda v. King, 347 F.3d 550, 552, 557 (3d Cir. 2003)("a plaintiff may not base a § 1983 claim on the mere fact that the police questioned her in custody without providing Miranda warnings when there is no claim that the plaintiff's answers were used against her at trial").

Here, it is not apparent that any statements allegedly obtained by defendants actually were used against Telfair.  However, to the extent any such alleged statements were used against him in his federal criminal matter, such claim would need to be raised in his ongoing federal criminal proceedings, not in this civil action at this time.  Therefore, this claim will be dismissed accordingly.

Nevertheless, Chavez left open the possibility that a plaintiff could pursue a claim for violation of substantive due

process in the event of genuine physical or mental coercion surrounding his confession.  The Supreme Court stated:  "Our views on the proper scope of the Fifth Amendment's Self-Incrimination Clause do not mean that police torture or other abuse that results in a confession is constitutionally permissible so long as the statements are not used at trial; it simply means that the Fourteenth Amendment's Due Process Clause, rather than the Fifth Amendment's Self-Incrimination Clause, would govern the inquiry in those cases and provide relief in appropriate circumstances."  <u>Chavez</u>, 538 U.S. at 773.

Here, there are no allegations that defendants beat plaintiff or used force to compel Telfair to give a statement. Consequently, this Court will dismiss this claim without prejudice for failure to state a claim at this time.

F.   <u>Denial of Due Process and Equal Protection Claims</u>

Telfair also makes a broad and sweeping allegation that he has been denied due process and equal protection in violation of his Fifth and Fourteenth Amendment rights.  These allegations are made for the purpose of having his present federal criminal charges and criminal proceedings dismissed against him. Accordingly, these claims must be dismissed at this time because of the ongoing federal criminal matter.  Further, any claims of due process violations more appropriately should be raised in Telfair's pending criminal case.

G.  Speedy Trial Claim

     Likewise, any claim plaintiff may be alleging with respect to his right to a speedy trial must first be raised in his federal criminal proceeding.  Moreover, Telfair cannot seek monetary compensation or damage awards unless or until his federal criminal matter has been adjudicated in his favor.

H.  Denial of Medical Treatment

     Telfair also alleges generally that he has been denied medical treatment.  As a pretrial detainee, Telfair's constitutional claim alleging denial of medical care should be considered under the due process clause (of the Fourteenth Amendment) instead of the Eighth Amendment.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  See also Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000)(citing Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)); Despaigne v. Crolew, 89 F. Supp.2d 582, 585 (E.D.Pa. 2000) and Montgomery v. Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, ...; i.e. whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of  guilt....")

(citing Hubbard, 399 F.3d at 158).  In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees.  399 F.3d at 165-67.  Pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners with respect to the conditions of their confinement. Bell v. Wolfish, 441 U.S. at 545; Hubbard, 399 F.3d at 165-66; Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003).

Here, Telfair alleges that he was not given medical treatment for his hand that was broken on the day of his arrest. As a consequence, his hand has not healed properly.  His hand is crooked and plaintiff allegedly suffers constant pain.  These allegations, if true, would appear to rise to the level of a constitutional violation.  Furthermore, Telfair's allegations suggest that the defendants denied him medial treatment simply for the purpose of punishing him.  Therefore, based on these allegations as alleged, this Court will allow this claim to proceed at this time because the denial of treatment would appear to be so excessive in relation to any stated purpose of jail security and administration, that it would infer that such denial was intended as punishment.  See Hubbard, 399 F.3d at 158-63; Newkirk v. Sheers, 834 F. Supp. 772, 781 (E.D.Pa. 1993).

I.  Deprivation of Property

     Finally, Telfair appears to assert a deprivation of property claim but does not articulate any property loss as a result of the defendants' actions against him.  Consequently, Telfair fails to allege that he has suffered a serious deprivation of constitutional magnitude.  Moreover, there are no allegations that Telfair's personal property was taken or confiscated by defendants to give rise to a tort claim for deprivation of property under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq.[11]  Therefore, this claim will be dismissed without prejudice for failure to state a claim at this time.

J.  Motions For Relief

     On or about July 14, 2008, July 17, 2008, and September 3, 2008, Telfair filed three motions seeking relief and remedies related to his pending federal criminal proceeding.  See Docket Entry Nos. 11 and 12.  He seeks documents and other discovery, polygraph tests to determine his credibility, and declarations of numerous alleged constitutional violations.  He also seeks to be released on bond or bail.

     As these motions are more appropriately related to plaintiff's ongoing federal criminal trial proceedings, this

_____

     [11]  A prisoner may pursue a remedy for deprivation of property due to the negligence or wrongful act of a federal employee under the FTCA.  See 28 U.S.C. §§ 1346(b), 2671-80; 28 C.F.R. §§ 542.10, 543.30.  The person wrongly deprived may present an administrative claim for damages to the appropriate federal agency.  28 U.S.C. § 2672.

29

Court will deny same and plaintiff may make his applications for relief in his federal criminal proceedings accordingly.

V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, as against defendants Paul W. Bergrin, Esq. and United States Attorney Christopher Christie, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2).  However, plaintiff's claims asserting denial of medical care as against the remaining defendants will be allowed to proceed at this time.  Plaintiff's claims of false arrest and unlawful search and seizure in violation of the Fourth Amendment will be allowed to proceed, subject to a stay of proceedings while plaintiff's federal criminal trial is ongoing.  All remaining claims will be dismissed without prejudice for failure to state a claim at this time.  Finally, plaintiff's motions for relief, Docket entry Nos. 11, 12 and 13, will be denied.  An appropriate order follows.

s/William J. Martini

_____
WILLIAM J. MARTINI
United States District Judge

Dated:10/20/08