

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
   JUDGE

## LETTER OPINION

July 13, 2009

Tommie H. Telfair
30-35 Hackensack Avenue
South Kearny, NJ 07032
*Pro Se Litigant*

Ralph J. Marra, Jr.
970 Broad Street, Suite 700
Newark, NJ 07102
*Acting United States Attorney*

      Re:    *Tommie H. Telfair v. Karen P. Tandy,* et al.
              Civil Action No. 08-731 (WJM)

Dear Litigants:

      This matter comes before the Court on a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants Karen P. Tandy ("Tandy") and Gerald P. McAleer ("McAleer") (together "Defendants"). In the alternative, Defendants have asked for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the Court will treat Defendants' motion as a Motion for Summary Judgment. Defendants' Motion is **GRANTED**.

### BACKGROUND

      Plaintiff Tommie Telfair ("Telfair") was arrested on January 23, 2007, for alleged involvement with drug trafficking crimes. (Am. Cmplt. at 1). He is presently incarcerated at the Hudson County Department of Corrections. (Am. Cmplt. at 2, 4). After his arrest, he filed a complaint in federal court, alleging numerous violations of his constitutional rights against the

government and various government employees, pursuant to 28 U.S.C. § 1983 and *Bivens v. Six Unknown Agents for the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The defendants listed in the caption included Tandy, the former Administrator of the Drug Enforcment Agency ("DEA"), and McAleer, Special Agent in Charge of the DEA's Newark Division, as well as "unknown" DEA and federal agents, "unknown" police officers, the Chief of the Newark Police Department, a member of the Homicide Department of the Newark Police Department, Plaintiff's former attorney, and the former United States Attorney for the District of New Jersey. (Am. Cmplt. at 2). Plaintiff is *pro se.*

Plaintiff initially filed his complaint without a complete application to proceed *in forma pauperis* ("IFP"). On February 26, 2008, the Court denied Plaintiff's IFP application without prejudice and administratively terminated the action. The Court gave Plaintiff thirty days to submit a complete IFP application with his prison account statement and an affidavit demonstrating his indigency.

On March 17, 2008, Plaintiff did so, submitting a complete IFP application and an amended complaint. He also paid the full filing fee on April 18, 2008, and on May 12, 2008, sent a letter to the Court requesting that his case be re-opened. Plaintiff qualified to proceed *in forma pauperis*, and his case was re-opened on October 21, 2008.

The alleged violations contained in Plaintiff's complaint pertain to the circumstances surrounding his arrest and subsequent medical treatment. (Am. Cmplt. at 1, 6). The basis of his complaint is that during his arrest, the DEA used "terroristic behavior" to force him into submission, that his hand was injured, and that he was never given proper medical care for the hand. (Am. Cmplt. at 1, 6). However, while Plaintiff makes numerous bald assertions of constitutional violations, he provides scant supporting facts. None of Telfair's claims makes any allegations against Tandy and McAleer nor even mentions them.

Upon an initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed several of Telfair's claims and stayed others pending the resolution of his criminal prosecution. (*See* October 20, 2008 Opinion of the Court ("Opinion"); October 21, 2008 Order of the Court ("Order")). Three *Bivens* claims remain against Tandy and McAleer, two of which are stayed. (Opinion at 15, 19; Order at 2). The two stayed *Bivens* claims are for false arrest and illegal search under the Fourth Amendment. (*Id.*) The remaining *Bivens* claim that was not stayed is an Eighth Amendment claim for alleged denial of medical care. (*Id.*)

In response to Plaintiff's complaint, Defendants Tandy and McAleer move to dismiss all the claims against them, including the stayed claims, pursuant to Fed. R. Civ. P. 12(b)(6). (Dfdts.' Br. at 1-2). In the alternative, they seek summary judgment pursuant to Fed. R. Civ. P. 56. (*Id.*) Defendants move on the following grounds: (1) Plaintiff's claims are barred under the doctrine of qualified immunity, because Plaintiff did not allege that these specific Defendants violated a clearly established law; (2) the complaint does not state a claim against Tandy or McAleer because it fails to allege any conduct on the part of these Defendants that violated Plaintiff's rights; and (3) the complaint does not state a claim against Tandy or McAleer in a supervisory context because the doctrine of respondeat superior does not apply in a *Bivens* action. (*Id.* at 2). After Defendants' motion was filed, Plaintiff filed additional documents with the Court on February 24, 2009, March 13, 2009, and April 3, 2009. Given Plaintiff's status as a *pro se* prisoner, the Court will treat these documents as his opposition to the motion, although

they are not specifically marked as such.  (Pl.'s Opp. Br.).

## ANALYSIS
**A.     Standard of Review– Motion to Dismiss and Summary Judgment**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b) for failure to state a claim, all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  When considering a Rule 12(b)(6) motion to dismiss, a court may take into account only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, "the 'grounds' of [the plaintiff's] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level.  *See id*. at 1964-65.  Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

A court deciding a motion to dismiss has the discretion to accept materials beyond the pleadings and then convert the motion into one for summary judgment.  *Gunson v. James*, 364 F.Supp.2d 455, 460-61 (D.N.J. 2005); *see also* Fed. R. Civ. P. 12(b).  A court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden of showing that no genuine issue of material fact exists rests initially on the moving party.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case."  *Id*. at 325.  In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

**B.     Qualified Immunity Argument**

Defendants argue that as government officials, they are entitled to qualified immunity such that the case against them must be dismissed.  Qualified immunity is a doctrine that provides government officials in many situations with immunity from being sued as individuals, which is more than simply a defense to liability.  *See Saucier v. Katz*, 533 U.S. 194, 200-201 (2001).  Therefore, the Court must determine whether a government official who has been named

in a lawsuit has qualified immunity at the earliest juncture possible. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *see also Bennett v. Murphy*, 274 F.3d 133, 136 (3d Cir. 2002). The plaintiff's complaint must allege conduct on the part of the official that violates clearly established law, or else the official is entitled to dismissal prior to the start of the discovery process. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

    Here, Plaintiff does not make any allegations against Tandy or McAleer whatsoever. Rather, all of Plaintiff's allegations of constitutional violations are directed at other defendants including the "unknown" DEA and FBI agents, the "unknown" Newark police officers, Plaintiff's former attorney, and the former United States Attorney. Thus, Plaintiff has failed to allege that Tandy or McAleer violated any type of law, let alone one that is clearly established. Because the complaint fails to make any claims against Defendants Tandy and McAleer, they are entitled to dismissal of the complaint.

    Because Plaintiff is a *pro se* litigant, he should receive a degree of latitude with respect to his pleading requirements and be held to a less stringent standard than a lawyer with formal training. *See U.S. ex. rel. Walker v. Fayette County, PA*, 599 F.2d 573, 575 (3d Cir. 1979). Therefore, the Court might ordinarily dismiss the complaint under 12(b)(6) without prejudice, so that Plaintiff might have the opportunity to amend. However, an examination of the materials that Defendants attached to their motion to dismiss, as well as Plaintiff's opposition, indicates that amendment would be futile. (*See* Tandy Decl. ¶¶ 4-6; McAleer Decl. ¶¶ 4-6). *See also Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (2002) (amendment need not be permitted when inequitable or futile). Defendants attached two certifications to their motion, stating that neither Tandy nor McAleer had any role in Plaintiff's arrest or medical treatment. (*Id*.) Plaintiff was in receipt of these certifications as well as the motion to dismiss highlighting his failure to make specific allegations against Tandy and McAleer and had the opportunity to respond. Yet Plaintiff's opposition papers do not refute the facts contained in the certifications and still do not make any allegations against Tandy or McAleer. Therefore, granting Plaintiff any further opportunity to amend would be futile.

    Instead, the Court will convert Defendants' motion into one for summary judgment and will accept the Defendants' certifications. Considering both the pleadings and these additional materials, it is apparent that Plaintiff does not and cannot make any specific allegations against Tandy and McAleer showing they violated a clearly established law. Tandy and McAleer have qualified immunity. There is no issue of material fact and Defendants are entitled to summary judgment as a matter of law.

C. **Failure to State a Claim Argument**

    Defendants further argue that the complaint should be dismissed because Plaintiff does not state a claim against them. This argument is similar to the qualified immunity argument in that it focuses on Plaintiff's failure to make specific allegations against Tandy or McAleer. It is well established that a complaint in a *Bivens* actions must allege specific actions committed by each defendant that violated the plaintiff's constitutional rights. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988). Although the Supreme Court no longer requires a heightened degree of specificity in constitutional claims against a municipality, Plaintiff is suing Tandy and McAleer as individuals. *See Leatherman v. Tarrant County*, 507 U.S. 163, 168

(1993).  Moreover, Plaintiff has failed to meet even the most basic requirements of the liberal system of notice pleading pursuant to Fed. R. Civ. P. 8,  because his complaint does not make any allegations against Defendants Tandy and McAleer at all.  *See id.*  Taking into consideration the complaint, Defendants' certifications, and Plaintiff's failure to make any allegations against Tandy in its opposition brief, there is no issue of material fact.  Defendants are entitled to summary judgment on this basis as well.

D.      **Respondeat Superior Argument**

Finally, Defendants argue Plaintiff cannot avoid dismissal by arguing that despite failing to make allegations against Tandy or McAleer as individuals, they can be found liable in their official capacities.  It is well established that a *Bivens* action can only be brought against government officials in their individual capacities.  *Abulkhair v. Bush*, 2008 WL 5416401 (D.N.J.).  There is no respondeat superior liability under *Bivens* or in a § 1983 action.  *Balter v. U.S.*, 172 Fed. Appx. 401, 403 (3d Cir. 2006); *Rode v. Dellaciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988).  Therefore, for this reason as well, Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, the Court has elected to convert Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment in accordance with Fed. R. Civ. P. 56.  Defendants' motion for summary judgment is **GRANTED**.  Plaintiff's complaint is dismissed as to Defendants Tandy and McAleer.  An appropriate order follows.


/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**