UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| In Re APPLICATION OF | ) | |
| TOMMIE H. TELFAIR, | ) | Index No. 10-2958 (GEB) |
| also known as | | |
| HASSAN GATLING, | ) | **O R D E R** |
| Petitioner. | | |
| | ) | |

_____

    For the reasons expressed in the Opinion filed herewith,

    IT IS on this _____15th_____ day of _____October_____, 2010,

    ORDERED that Telfair's motion for reconsideration, Docket Entries Nos. 5 and 6, is granted, in the sense that this Court considered the merits of that motion; and it is further

    ORDERED that the original and amended submissions filed in this matter, Docket Entries Nos. 1 and 2, remain dismissed, and the conclusion reached in this Court's order docketed as Docket Entry No. 4, shall remain in effect; and it is further

    ORDERED that no disciplinary investigation of attorney professional conduct shall be initiated in this District in connection with the instant matter or in connection with <u>USA v. Telfair</u>, 08-cr-0757, 07-cr-0272, 08-mj-7157, 06-mj-3133 (D.N.J.), or in connection with <u>USA v. Gatling</u>, 10-cr-0195 and 07-mj-3528 (D.N.J.); and it is further

    ORDERED that Telfair is denied leave to amend his pleadings into a <u>bona fide</u> disciplinary grievance; and it is further

    ORDERED that this Court withdraws its jurisdiction over the instant matter; and it is further

ORDERED that a limited order of preclusion is entered against Telfair with regard to the instant matter and, in addition, with regard to all Telfair's currently ongoing, already terminated and future actions in this District; and it is further

ORDERED that the terms of this limited order of preclusion shall be as follows:

(1) With regard to any Telfair's action that has not been terminated, Telfair shall seek leave – from the judges currently presiding over (or assigned in the future to) such action – to make any pro se submission before actually making such submission. Each of these applications for leave to file a pro se submission shall:

    a. Be reduced to one-page, single-sided document;

    b. Open with a statement whereas Telfair shall aver, under penalty of perjury and other sanctions that might be imposed by the presiding judge, that the particular submission Telfair seeks leave to file would raise claims or allegations that:

        (i) were not presented to either the presiding judge or to any other judge at any time in the past, regardless of whether these claims or allegations were already addressed by the judiciary or are still pending; and, in addition,

        (ii) appear bona fide in light of the guidance provided to Telfair by any judge in this District or by any other court at any time prior to Telfair's execution of his application for leave to make a pro se submission; and

    c. Summarize the facts that Telfair intends to assert in his pro se submission, if allowed to file it. Such summary shall be reduced to clear and concise language not

        exceeding two hundred words.[1]  No generalities, supplications, lectures on law or akin shall be deemed a valid summary.

    In the event the Judge presiding over the matter with regard to which Telfair seeks leave to make a pro se submission grants Telfair such leave, Telfair shall make that submission in strict compliance with the directives and requirements set forth in that leave (as to the size, format, content, etc.).  Telfair's failure to either seek leave to file any pro se submission or Telfair's failure to comply with the requirements stated to him by the presiding Judge in the order granting leave shall result in the Clerk's docketing Telfair's submission and accompanying such docket entry with a notation, reading "PURSUANT TO THE STANDING LIMITED ORDER OF PRECLUSION, THIS ENTRY IS DEEMED STRICKEN FROM THE DOCKET FOR PRO SE LITIGANT'S FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THAT ORDER OF PRECLUSION.  THE CONTENT OF THIS SUBMISSION WILL NOT BE CONSIDERED BY THE COURT."

(2)    With regard to any Telfair's action that was terminated, the instant action and all Telfair's actions that become conclusively closed in the future, Telfair shall not make any filing except for filing of a due notice of appeal.  In the event Telfair makes any filing other than his notice of appeal in any matter that was or has becomes terminated, the Clerk shall docket Telfair's submission, accompanying such docket entry with a notation, reading "PURSUANT TO THE STANDING LIMITED ORDER OF PRECLUSION, THIS ENTRY IS DEEMED STRICKEN FROM THE DOCKET FOR PRO SE LITIGANT'S FAILURE TO COMPLY

---

[1] The phrase "two hundred words" refers to all words, regardless of their length or their grammatical qualification, i.e., it includes *all* articles, prepositions, nouns, verbs, adjectives, etc.

>   WITH THE REQUIREMENTS SET FORTH IN THAT ORDER OF PRECLUSION. THE CONTENT OF THIS SUBMISSION WILL NOT BE CONSIDERED BY THE COURT."

(3) With regard to any new matter that Telfair wishes to initiate in this District while acting pro se and proceeding in forma pauperis, Telfair shall seek leave from the Clerk to initiate such matter. Such applications for leave to initiate each new pro se action in forma pauperis shall:

   a. Be reduced to one-page, single-sided document;

   b. Open with a statement whereas Telfair shall aver, under penalty of perjury and other sanctions that might be imposed by the Court, that the pleading Telfair seeks leave to file would raise claims or allegations that:

      (i) were not raised in this District or in any other court at any time in the past, regardless of whether these claims or allegations were already addressed or are still pending; and, in addition,

      (ii) appear bona fide in light of the guidance that was provided to Telfair by any judge in this District or by any other court at any time prior to Telfair's execution of his application for leave to file a new pleading; and

   c. Summarize the nature and facts of the allegations that Telfair intends to raise in his pro se pleading, if allowed to file it. Such summary shall be reduced to clear and concise language not exceeding two hundred words.[2] No generalities, supplications, lectures on law or akin shall be deemed a valid summary.

In the event the Clerk grants Telfair such leave, Telfair shall file a bona fide clear and concise pleading by either utilizing one of this Court's pre-printed forms (without adding any

---

[2] See note 1, supra.

pages) or by preparing his own submission which is: (a) substantively identical, in its format, to the Court's pre-printed form; and (b) not exceeding fifteen pages, single sided, double-spaced, utilizing a 12-point common letter font[3] and having margins no less than one inch on each side.  Telfair's failure to either seek leave to file any new pro se pleading in forma pauperis or Telfair's failure to comply with the aforesaid format requirements shall result in the Clerk's docketing of Telfair's pleading, accompanying such docket entry with a notation, reading "PURSUANT TO THE STANDING LIMITED ORDER OF PRECLUSION, THIS ENTRY IS DEEMED STRICKEN FROM THE DOCKET FOR PRO SE LITIGANT'S FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THAT ORDER OF PRECLUSION.  THE CONTENT OF THIS SUBMISSION WILL NOT BE CONSIDERED BY THE COURT" and administratively terminating the matter.

(4) Telfair's emergent future submissions are expressly exempt from the requirement set forth in Paragraph (3).  This exemption, however, is limited to civil rights complaints in which Telfair asserts bona fide claims and details facts clearly evincing that Telfair is experiencing imminent and ongoing danger to his life (or imminent, ongoing and serious danger to his health).[4]  In the event Telfair is experiencing such danger to his life or health, he may submit

---

[3] Telfair must either utilize common fonts, such as Arial, Courier New, Times New Roman, etc., or simply hand-print.  No overly-narrow font shall be deemed a common font.

[4] Speculative claims about potential danger (e.g., speculations about potential animus on the part of other inmates or prison officials, etc.,) shall not suffice, just as assertions based on circumstances not presenting a serious danger to Telfair's health (e.g., assertions based on dietary restrictions, emotional distress, head cold, unsanitary conditions, etc.) shall not suffice.  Conversely, claims asserting – for instance – facts clearly evincing *complete* denial of medical care for such conditions as already-diagnosed cancer, already-diagnosed hepatitis C, or analogously grave health threats, shall qualify as emergent.

his pro se pleadings and his duly executed application to proceed in forma pauperis without seeking the Clerk's leave to make such submission, provided that Telfair:

(a) Accompanies such submission by a statement whereas Telfair shall aver, under penalty of perjury and other sanctions that might be imposed by the Court, that the pleading Telfair seeks to file raise claims or allegations that were not raised in this District or in any other court at any time in the past, regardless of whether these claims or allegations were already addressed or are still pending; and,

(b) Reduces his pleading to a document not exceeding fifteen pages, single sided, double-spaced, utilizing a 12-point common letter font[5] and having margins no less than one inch on each side.

(5) Telfair's submission of a Section 2255 motion to Judge Cavanaugh is similarly exempt from the requirement set forth in Paragraph (3).  This exemption, however, shall be limited to a submission that Telfair would: (a) make in good faith and, in addition, not prematurely; and (b) execute either on the Court's pre-printed Section 2255 form (without adding any pages) or reduce his challenges to a document which is not only substantively similar in its content and format to this Court's pre-printed Section 2255 form but also does not exceed fifteen pages, single sided, double-spaced, utilizing a 12-point common letter font[6] and having margins no less than one inch on each side; and it is further

ORDERED that the Clerk shall docket this Order and Opinion filed herewith in the instant matter and close the file on this action by making a new and separate entry on the docket reading,

---

[5] See note 3, supra.

[6] See note 3, supra.

"CIVIL CASE CLOSED. THE COURT WITHDREW ITS JURISDICTION OVER THIS MATTER"; and it is further

ORDERED that the Clerk shall also docket this Order and Opinion filed herewith in the following matters: USA v. Telfair, 08-cr-0757, USA v. Gatling, 10-cr-0195, Telfair v. Tandy, 08-cv-0731, Telfair v. Holder, 10-cv-0048, and Telfair v. Holder, 09-cv-2806, accompanying each such docketing by a docket text reading, "DOCKETED FOR REFERENCE ONLY"; and it is further

ORDERED that the Clerk shall circulate this Order and accompanying Opinion in the Clerk's Office department in every vicinage of this District; and it is finally

ORDERED that the Clerk shall serve copies of this Order and Opinion filed herewith upon Telfair by certified mail, return receipt requested.

                                                  s/ Garrett E. Brown, Jr.
                                                  **Garrett E. Brown, Jr.**
                                                        **Chief Judge**
                                          **United States District Court**